### SHECIL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.  May 20, 1915.  On Petition for Rehearing, July 29, 1915.)

#### No. 2145.

1. INDIANS ⊂⊃38—SELLING LIQUOR—EVIDENCE.

In a prosecution for selling liquor to a tribal Indian in violation of Act Jan. 30, 1897, c. 109, 29 Stat. 506, where the Indian himself and a special officer in the Indian service were the witnesses for the government, and where the evidence was conflicting as to who was present at the time and as to what was said, and it was necessary to show that the white man and the Indian who had the conversation with defendant must have been the government's witnesses, the exclusion of evidence that a white man and an Indian came in, corroborating defendant as to the conversation, and as to whether defendant sold any liquor to any Indian, was erroneous.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⊂⊃38.]

On Petition for Rehearing.

2. WITNESSES ⬥➩317—CREDIBILITY—"FALSUS IN UNO, FALSUS IN OMNIBUS."
The maxim, "Falsus in uno, falsus in omnibus," has to do solely with the weight, and not with the admissibility, of the evidence. If the jury believe that a witness has willfully and knowingly given false testimony, they are not required to reject his entire testimony, and, notwithstanding corroboration, they may reject his entire testimony. As the jury is the sole judge of the credibility of witnesses, any instruction thereon is merely advisory; but they may be advised against rejecting so much of a discredited witness' testimony as is corroborated by other credible evidence, especially when weighing the evidence to determine whether the burden of proof has been sustained.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1080–1083; Dec. Dig. ⬥➩317.

For other definitions, see Words and Phrases, First and Second Series, Falsus in Uno, Falsus in Omnibus.]

In Error to the District Court of the United States for the Eastern District of Wisconsin; Ferdinand A. Geiger, Judge.

Denny Shecil was convicted of selling liquor to a tribal Indian, and he brings error. Reversed and remanded for new trial.

H. F. Morson and George J. Bowler, both of Antigo, Wis., for plaintiff in error.

Guy D. Goff, of Milwaukee, Wis., for the United States.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge. Plaintiff in error was convicted of selling liquor to a tribal Indian, in violation of Act Jan. 30, 1897, c. 109, 29 Stat. 506. The Indian, Kinney, himself an employé of the United States, and one Brandt, a special officer in the Indian service, were the witnesses for the government. They testified that the sale was made on August 3, 1911, about 3 p. m. On direct examination, Kinney testified:

"There was a couple of Indians in the saloon."

And on cross-examination he said:

"I did not see any men out in front of the saloon. There were two Indians there besides myself and Mr. Brandt. They were in the saloon. * * * I was standing on the left side of Mr. Brandt when we were at the bar. There were some gentlemen over further away from the door at the end of the bar. There were two. That is all I seen. They were Indians. * * * I went in with Mr. Brandt."

Brandt, on direct, testified:

"There were two Indians in his place of business when I was there. I did not know them. I was in his place of business 10 or 15 minutes."

And on cross:

"I was in the barroom. There was no one else in there only those two Indians. * * * There was not a white man around there while I was in the saloon."

For the defense, it was admitted that Kinney and Brandt came to the saloon on August 3, 1911; but the defendant testified that, knowing Kinney to be an Indian, he had refused to let him have anything but a cigar or a soft drink. He further testified that, in addition to the two Indians, six white men were there at the time. He was fully corroborated by the white men whom he named as having been there.

The government witnesses and most of defendant's witnesses had testified positively as to the date. They were in dispute, however, as to who was there at the time and as to what was said. Any evidence bearing on these points would therefore be very material in aiding the jury to solve the conflict. The exclusion of any material evidence that would throw light thereon, and tend to confirm the defense, was necessarily prejudicial.

[1] 1. The court sustained a general objection to the following question, asked John Shecil on direct examination:

"During that afternoon was there anybody else, a white man, or any other white man, other than the one you have mentioned, associated with an Indian companion?"

The witness had not identified Brandt and Kinney, but had stated that "between 2 and 3 a white man and an Indian came in," and then corroborated defendant as to the conversation. It was essential to show that the white man and Indian who had the conversation with defendant must have been Brandt and Kinney. The question asked was entirely proper for this purpose.

2. Objection, either general or on the ground of incompetency, was sustained to the following questions, asked Julius Porath on direct examination:

"Were you at Denny Shecil's place when there was a white man drove in there with an Indian at any time? During that afternoon, were you in the saloon when a white man and Indian drove up and came in? * * * Did Shecil sell any liquor to any Indians while you were there, that you know of? * * * Do you know whether there was any liquor sold to any Indian on that occasion?"

As the witness claimed to have been there nearly the whole day, his testimony on the points involved in the questions was clearly material. While other inquiries were properly objected to as leading and suggestive, no such objection was raised to the questions now under consideration.

3. Exception was taken to the following portion of the charge:

"If you find that any witness has so sworn falsely and deliberately upon any material matter, you have the right to reject the whole of his testimony, unless he is corroborated by other credible evidence."

The exception was general, and counsel failed to point out to the court the alleged specific error that, literally construed, this might be understood by the jury to permit them to disregard the entire testimony of a witness who had sworn falsely on one point, even though some part, less than the whole, of the balance of his testimony was properly corroborated. Under the circumstances, this would not have been reversible error, yet, in view of the reversal necessitated by the exclusion of answers to proper questions, we add that the substitution

of the words "except in so far as it" for the words "unless he," in this instruction, would obviate the criticism made thereon.

Judgment reversed, and cause remanded for new trial.

### On Petition for Rehearing.

[2] The maxim, "Falsus in uno, falsus in omnibus," as pointed out by Wigmore in his Evidence (volume 2, §§ 1008–1015), has to do solely with the weight, not with the admissibility, of the evidence. As the jury is the sole judge of the credibility of witnesses, any instruction in respect thereto is, at best, merely advisory. If the jury believe that a witness has willfully and knowingly given false testimony, they are no longer required, as a rule of law, to reject his entire testimony. To instruct them, however, that they may, in that event, reject his whole testimony, "unless he is corroborated by other credible evidence," as stated by the trial judge, or "except in so far as it is corroborated by other credible evidence," as suggested in our opinion, implies an obligation not to reject at least that part of his testimony which is so corroborated. There is no such obligation. The jury are at liberty to reject his entire testimony, notwithstanding the corroboration. 2 Wigmore, Evidence, § 1012. They are not compelled to believe and to act upon any part of it. They may believe him to be so discredited by his falsehood in the one matter that they will give no weight to his testimony on any point. They may, however, well be cautioned and advised against rejecting so much of a discredited witness' testimony as is corroborated by other credible evidence, and especially when they come to weigh the evidence in the case for the purpose of determining whether or not the burden of proof has been sustained.

The reversal of this judgment, however, was not based upon the giving of this instruction, and, as we adhere to the views heretofore expressed on the other matters, the petition for rehearing will be denied.