CITY OF CORAL GABLES, *et al.*, v. W. W. BLOUNT.

156 So. 244.
En Banc.
Opinion Filed July 30, 1934.
Opinion on Rehearing Filed Nov. 13, 1934.

*Blackwell & Gray, Morton B. Adams* and *Charles A. Morehead,* for Plaintiffs in Error;

*John M. Murrell, Marshall F. Sanders* and *A. Patrick Cannon,* for Defendant in Error.

PER CURIAM.—W. W. Blount brought this action against the three plaintiffs in error, City of Coral Gables, Twin Coach Corporation, and University of Miami, to recover for personal injuries received in an automobile collision. A verdict for the plaintiff awarded $25,000.00 in damages. Thereafter a remittitur of $10,000.00 was entered and judgment against the three defendants rendered in the sum of $15,000.00 damages. Each of the defendants below has taken writ of error.

The declaration was in two counts. Both counts, among other things, allege that the respective defendants so carelessly and negligently operated the motor vehicles under their separate control as to cause the injuries complained of which were suffered by plaintiff, as a passenger in a bus of Twin Coach Corporation driving west, which at a street intersection collided with a Lincoln Sedan driving South. It was further shown that the bus of Twin Coach Corporation was being directly operated by the City of Coral Gables as a part of its transportation system and that the Lincoln Sedan was owned and used by the University of Miami and that at the time of the collision, that the Lincoln

Sedan was being used in carrying out the business and functions of the University.

The defendant Twin Coach Corporation was alleged to be accountable for the negligent operation of the bus on the following theories set forth by appropriate allegations in each count, that is to say: (1) that it negligently operated the bus which was under its control; (2) that it was the owner of the bus, a dangerous instrumentality which was being operated negligently, with its knowledge and consent, for which operation said Twin Coach Corporation, as owner of the bus, expected to receive certain benefits; (3) that Twin Coach Corporation, as owner of the bus, knowingly permitted the City of Coral Gables, for its benefit, to use and operate the bus on the highways of the State of Florida, under an Ohio license issued to and held by the Twin Coach Corporation, for which use and operation said Twin Coach Corporation expected to receive benefits from the City of Coral Gables through an arrangement by which the bus was to be operated by the City on the highways of Florida under the Ohio dealer's license of the Twin Coach Corporation for the benefit of Twin Coach Corporation.

At the trial it was established that the bus which collided with the Lincoln sedan was owned by the Twin Coach Corporation and that it was being operated for hire by the City of Coral Gables under an agreement so providing, that it had been entered into between the city and the owner corporation. It was further shown that the Lincoln sedan which collided with the bus was at the time thereof owned and operated by the University of Miami, a Florida corporation, and that such operation was on the business of the University.

There is ample evidence to support a finding of gross negligence by the driver of the bus and the driver of the automobile which collided with it. The owner of the bus, and

the city operator of it, were both liable for negligence in its operation on the streets of the city, because it was shown that the operation of the bus by the city was under an agreement that it should be so operated, which agreement was for the benefit of the owner, Twin Coach Corporation. The owner of the automobile which collided with the bus was liable for negligence in its operation because it was shown that the Lincoln sedan approached the intersection where the collision occurred, at a high rate of speed, with brakes that were old and not sufficient to stop the car within a reasonable distance after they were applied. Also because the driver of the Lincoln failed to keep a proper lookout, in consequence of which he did not see the bus until he was right up to the corner and entering the intersection.

The evidence shows that the bus had been brought to Coral Gables by a representative of Twin Coach Corporation for the purpose of demonstrating the same and with the expectation of selling the bus to the City of Coral Gables pursuant to the result of a practical demonstration of the bus by using it in the city's transportation service with the knowledge and consent of the owner, Twin Coach Corporation, the purchase to be made only upon special authorization by the city authorities of Coral Gables if the bus should be found in its operation to be satisfactory.

Concurring negligence in the operation of each motor vehicle is shown to have been the proximate cause of the injury. There was no contributory negligence on the part of the plaintiff, who was simply a paid passenger in the bus when the collision occurred.

Technical errors appear in the record, but it is affirmatively shown by the record, considered as a whole, that such errors could not have been prejudicial to either of the defendants, in view of the evidence in the case. The amount of the judgment, after the remittitur, is not patently ex-

cessive and, indeed, no complaint is made with respect as to amount.

At the trial, the court gave the following charge to the jury, which charge was duly excepted to by motion for a new trial, assigning the giving of this charge as error: "If you believe that any witnesses have testified falsely to any material facts then you have the privilege, *and it becomes your duty* to reject the testimony of such witnesses as to other material facts concerning which the witnesses testified." (Emphasis ours.)

The emphasized words, "and it becomes your duty," contained in the above charge should have been omitted therefrom. The correct rule on the subject the court attempted to charge upon (*falsus in uno falsus in omnibus*) is that, when it has been established that a witness willfully and corruptly has sworn falsely to some material fact in the case, the jury may disregard *all* of such witness' testimony, in its discretion—not that the jury is under an absolute legal duty to disregard all of the witness' testimony merely because the witness has shown a lack of veracity in some particular only.

If a jury believe some particular testimony that has been given by a witness, even though such witness is shown to have willfully and corruptly sworn falsely to some other material fact in the same case, it is their province to consider it and give it due weight, and they are not required to entirely disregard all of the witness' testimony merely because the witness may have willfully and corruptly sworn falsely in some other and different particular. A jury may properly be instructed generally in any case as to their province with reference to the demonstrated false swearing by a witness, yet it is not within the court's province to state to a jury that they *must* disregard all the testimony of any witness whom they believe has given testimony that is

false in part only, although the court may inform the jury that it is within its province to do so if it sees fit.

While the charge given by the court to the jury as above mentioned is deemed by a majority of the court to have been clearly erroneous and ground for a new trial in any ordinary case, yet, in the present case, it is the opinion of a majority of the Court that the judgment should not be set aside nor a new trial granted on the ground of misdirection of the jury in this particular as an examination of the entire case has made it appear that the error complained of has not resulted in a miscarriage of justice. See Section 4499 C. G. L., 2812 R. G. S.

The judgment is affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—As I understand the evidence in this case, the City of Coral Gables was the real and beneficial owner of the bus at the time of the collision, under a parol contract of purchase subsequently ratified and completed and that the evidence was not sufficient to justify the finding that the Twin Coach Corporation was the absolute owner so as to make it liable for negligence of the agent of the City who was operating the bus under authority from the City—not from the Twin Coach Corporation. I think the Coach Corporation's motion for directed verdict, or at least its motion for new trial, should have been granted.

### On Rehearing.

PER CURIAM.—In this case a rehearing was granted and the cause was argued by all parties before the Court sitting en banc.

A careful review and reconsideration of the record in the light of the oral arguments and briefs submitted, has failed

to convince the Court that its previous opinion filed herein on July 30, 1934, should be recalled, therefore said opinion as heretofore filed is adhered to on this rehearing, and the judgment of affirmance heretofore entered in this cause is hereby reinstated and made the judgment of this Court on rehearing.

On rehearing judgment below is reaffirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.