CARROLL, CHAS., Judge.
The appellant, plaintiff below in an action to recover for personal injuries received in an automobile accident, appeals from a judgment entered on a verdict which the court directed for defendants at the close of the presentation of the plaintiff’s evidence in a jury trial.
The accident occurred in Miami on Southwest Twelfth Avenue, a two-way street having four lanes for traffic. The plaintiff was a passenger in a car driven by one Schulman which approached Twelfth Avenue from an easterly direction. The defendant Gresham was driving northward on Southwest Twelfth Avenue. The car in which the plaintiff was riding entered Twelfth Avenue, proceeded north a short distance, and, in preparation for entering a side street to the west, turned partially to the left and stopped. A rear-end collision followed with the right front of the Gresham car striking the Schulman car at the point of the left rear door. The evidence of how the accident occurred was in conflict. One version was that the car in which the plaintiff was riding stopped before proceeding into Twelfth Avenue, went directly into the left or center northbound lane, proceeded the short distance therein and then came to a stop preparatory to proceeding to the west; that it was stopped there for some time (the plaintiff saying “a few seconds” and the driver of that car saying twenty to thirty seconds), and was struck by the Gresham car traveling north on Twelfth Avenue. The other version was that the car in which the plaintiff was riding ignored the stop sign and proceeded into Twelfth Avenue without stopping and at a rate of 25 miles per hour, turned north, then cut across into the left-hand lane in front of and so close to the Gresham car that it was unable to stop or avoid collision. If the jury should believe and accept the latter version they would be entitled to find for the defendants. If they believed and accepted the former version, their finding could be for the plaintiff. See Rianhard *208 v. Rice, Fla.App.1960, 119 So.2d 730. In order for the plaintiff to recover it was not necessary that the driver of the car in which the plaintiff was riding be found entirely free of negligence. If negligence of the two drivers combined to produce and proximately cause the result, the plaintiff could recover from the defendant driver and owner of the Gresham car. See Kokotoff v. Higman, Fla.App.1958, 101 So.2d 166. On the conflicting evidence, the questions of negligence and proximate cause were for the jury.
Accordingly, the judgment is reversed and the cause is remanded for new trial.
Reversed and remanded.
HORTON, C. J., and PEARSON, J., concur.