PER CURIAM.
This is an appeal by the defendants from a judgment entered on a jury verdict in favor of the plaintiff.[1] The nature of the action and factual background were stated briefly in the opening of appellant’s brief as follows: “This is a personal injury action brought by plaintiff against the Seaboard Air Line Railroad and its conductor, James B. Mayes. Depending on which version of the evidence is believed, plaintiff was either asleep under a box car or taking a short cut across the railroad’s freight yard after midnight on May 17, 1957. Whatever he was doing, he was struck and injured by moving railroad equipment.”
Appellant presents four points. One concerns certain testimony which it claimed was improperly admitted. Two deal with charges claimed to be erroneous. The fourth point, relating to incidents occurring in the trial, was stated thusly: “Whether the trial court, in view of prejudicial remarks of plaintiff’s counsel and the trial court itself, erred in denying defendant’s motion for new trial on the grounds that the verdict was contrary to the law and the evidence and the product of passion and prejudice ?”
The parties were in agreement that the law of the case was controlled by Seaboard Air Line R. Co. v. Branham, Fla.App.1958, 99 So.2d 621. The question of liability was decided by the jury on conflicting evidence. It took approximately seven days to try this case. A verdict should not be set aside, necessitating the retrial of a case, unless error sufficiently grave as to appear prejudicial is disclosed. This has received legislative recognition. § 54.23, Fla.Stat, F.S.A. See Sullivan v. Florida East Coast Ry. Co., 100 Fla. 42, *578 129 So. 340; Metropolitan Life Ins. Co. v. Jenkins, 152 Fla. 486, 12 So.2d 374; Victor Hotel Owners, Inc. v. Sperling, Fla.App. 1958, 104 So.2d 120. After a careful examination of the record we conclude that the matters complained of were not harmful error, or such as to result in a miscarriage of justice.
Affirmed.

. On an earlier appeal, this court reversed a summary judgment which had been granted in favor of the defendants. See McCutcheon v. Seaboard Air Line R. Co., Fla.App.1961, 133 So.2d 660.