167 So.2d 638 (1964)
CITY OF MIAMI, a municipal corporation of the State of Florida, Appellant,
v.
Marie McMahon FLETCHER, Appellee.
No. 64-162.
District Court of Appeal of Florida. Third District.
September 9, 1964.
Rehearing Denied October 15, 1964.
Paul P. Meltzer and Murray Goldman, Miami, for appellant.
Hawkesworth & Kay, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
*639 TILLMAN PEARSON, Judge.
The defendant, City of Miami, appeals a final judgment based on a jury verdict in an action in which the plaintiff alleged that the driver of a City of Miami rubbish truck negligently drove his truck into the rear of plaintiff's stopped automobile. Three points are presented for reversal. One, that the court failed to grant appellant's requested charge on the defense of sudden brake failure; two, that the court erred by permitting into evidence the testimony of defendant's driver, that he had been informed of a previous failure of the brakes on the truck; three, that the comments of appellee's counsel during the closing argument were improper, unfair and highly prejudicial.
Appellant's first point claims error under the refusal of a requested charge We have examined the charge requested and find that it is an improper statement of the law in that it would have informed the jury that sudden brake failure was a defense to the cause of action unless the driver of the truck knew of trouble with the brakes. The charge was objectionable for two reasons: One, the jury could have held the defendant, City, upon the ground of the City's knowledge, constructive or actual, of the defective brakes. Therefore, the question of the driver's knowledge was not solely determinative of the issue. Second, the charge could not have been properly given based on the evidence before the jury because there was no conflict upon the question that the driver actually knew of trouble with the brakes. The court may not give a charge upon an issue not actually made by the evidence. Bassett v. Hackett, Fla. 1953, 66 So.2d 694, 698. The basis of this conclusion will be discussed in the second point.
Appellant's second point urges error upon the admissibility of evidence. The evidence objected to was a part of the deposition of the driver (who was not a witness at the trial) that he knew of an occasion prior to the accident when the brakes of the same truck failed. But he stated he was not present on that occasion. An important issue at the trial was whether the defendant, City, knew or should have known that the brakes on this particular truck were in a dangerous condition. On discovery deposition the City's driver admitted that he knew that the brakes on this particular truck had failed on a prior occasion. Was this admission of knowledge hearsay? Clearly it was because the driver testified that he had not been in the truck when the first failure occurred. But was it error to admit the admission of knowledge on the part of the City? (The driver's knowledge is obviously that of a responsible agent and therefore chargeable to the City).
The purpose of the hearsay rule is to exclude unreliable testimony. Can it be said that the driver's admission of knowledge is less reliable because he did not personally observe the incident? The admission is offered against the declarant (and his principal). What a party admits to be true may reasonably be presumed to be so. It is admissible either as an exception to the hearsay rule or upon a refusal to apply to evidence of personal admissions restrictions usually applicable to testimonial evidence. See Morgan, Basic Problems of Evidence, p. 265 (1962).
The third point presented by appellant urges that the court should have granted defendant a new trial because of improper statements by attorney for the plaintiff in closing argument. We have examined each objection made to the argument and the court's ruling thereon. In some cases the court sustained the objection and no further action was requested. In others, the objection was denied. In no case was the argument such as to require a reversal because of prejudice or passion in general. See Seaboard Air Line RR v. McCutcheon, Fla.App. 1964, 158 So.2d 577.
Affirmed.