201 So.2d 917 (1967)
Roscoe T. ANTHONY, Jr., Appellant,
v.
Robert S. DOUGLAS, Appellee.
No. 260.
District Court of Appeal of Florida. Fourth District.
August 18, 1967.
Rehearing Denied September 21, 1967.
William H. Pruitt and Wallis E. Schulle, of Fisher, Prior, Pruitt & Schulle, West Palm Beach, for appellant.
Westley W. Silvian, of Burdick & Silvian, West Palm Beach, for appellee.
WALDEN, Chief Judge.
Plaintiff suffered injuries as the result of a vehicular collision. He obtained a summary judgment against the defendant *918 on the issue of liability. After trial upon the issue of damages alone, judgment was entered for plaintiff in the amount of $97,000. Defendant appeals. We reverse.
At the trial, plaintiff testified as to the extent of his injuries. He was cross-examined on this material point concerning his testimony at a prior Workmen's Compensation hearing arising out of the same accident. Later during the trial he admitted misstating his condition at the Workmen's Compensation hearing in that he had indicated a much smaller degree of disability than claimed in the case at bar.
The defendant requested the court to instruct the jury that, if they find any witness to have testified falsely as to any material fact, they may disregard the entire testimony of that witness on the principle that one who testifies falsely about one thing is quite likely to testify falsely about everything. The court denied defendant's requested instruction and substituted its own instruction as follows:
"Should you find a witness has testified falsely, either willfully or intentionally, to some material matter in this case, his or her testimony in other respects may, in your discretion, be disregarded unless it is corroborated to your satisfaction by all of the evidence or by other proof. The rule also applies, but with less force to the statements of a witness which, although not intentionally false, are in fact untrue, especially where they involve matters of judgment and skill. It is not enough that the witness is merely mistaken or that through defective memory he or she departs from the truth."
Both of these instructions, the one requested and the one given, are derived from the common-law maxim "falsus in uno, falsus in omnibus." In its mandatory form such an instruction requires a jury, if they should believe a witness has testified falsely as to any material matter, to disregard his entire testimony. This form has been rejected in Florida. City of Coral Gables v. Blount, 1934, 116 Fla. 356, 156 So. 244 aff'd on reh., 1934, 116 Fla. 361, 157 So. 925) (cert. denied Twin Coach Corp. v. Blount, 1935, 294 U.S. 721, 55 S.Ct. 548, 79 L.Ed. 1253). It never has been in general use and presently is used only in Georgia where it is preserved by statute. 4 A.L.R. 2d 1083.
The more common form of "falsus in uno, falsus in omnibus" instruction is permissive. Generally, the jury is instructed that, should they find any witness has willfully testified falsely as to any material matter, they may disregard all of the testimony of that witness.
Such an instruction seems to add little to the jury's understanding of its role. Certainly a jury, exclusive of such an instruction, is charged with the duty of determining the weight and credibility of the evidence. It has been observed that the rule "means no more now than that the jury may disbelieve a witness if they think he is lying; but they need no instruction about that * * *" Virginian Ry. Co. v. Armentrout, 4th Cir.1948, 166 F.2d 400, 4 A.L.R.2d 1064. Therefore, such an instruction is "at best merely advisory." Shecil v. United States, 7th Cir.1915, 226 F. 184.
But if such an instruction does no good, it may cause harm. We find appropriate the following comment in 4 A.L.R.2d 1078, referring to "falsus in uno, falsus in omnibus" instructions:
"* * * They overemphasize and distort. They offer to the jury a rule or doctrine for the determination of matters best left to judgment and good sense. And they are open to such misconstructions * * * and are so often, as by accidental or seemingly innocent interchange of words * * * so seriously prejudicial, and on the whole constitute such a prolific source of assignments of error * * * as to amount to a deplorable encumbrance on the administration of justice."
*919 But here we are concerned with the giving of still a third type of "falsus in uno, falsus in omnibus" instruction. The jury was instructed that they might disregard testimony by a witness who has willfully testified falsely "unless it is corroborated to your satisfaction by all of the evidence or by other proof." This form is doubly pernicious. Besides possessing all of the infirmities inherent in the permissive instruction, it has additional weaknesses attributable to the corroboration clause. Referring to a similarly worded instruction, the Florida Supreme Court, in Gantling v. State, 1898, 40 Fla. 237, 247, 23 So. 857, 860, noted:
"* * * The instruction under consideration was calculated to impress the jury with the idea that the law would not permit them to discard the entire testimony of such a witness, where he was corroborated by some circumstance or another credible witness in the case; and it was, therefore, erroneous."
For this reason the decision in Gantling was reversed, establishing as the law of this state that it is erroneous to include corroboration clauses in "falsus in uno, falsus in omnibus" instructions.
The favored view of "falsus in uno, falsus in omnibus" instruction "seems to be that however phrased, whether in the objectionable and largely outmoded mandatory form * * * or in the common permissive form * * * they are in practice and in total result insupportable." 4 A.L.R. 2d 1078. In the words of the Supreme Court of Missouri, in Hamre v. Conger, 1948, 357 Mo. 497, 209 S.W.2d 242:
"`* * * [A] court has gone far enough when it instructs the jury that if they believe a witness has wilfully sworn falsely on a material issue, they should consider that fact in determining the credibility of the rest of his testimony.'"
It remains only to determine whether the instruction given constituted harmful, or as plaintiff suggests, harmless error.
The general rule as to error is stated at 5 Am.Jur.2d, Appeal and Error, § 776:
"* * * Error is harmless when it is trivial, formal, or merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case; it is prejudicial and ground for reversal, only when it affects the final result of the case and works adversely to a substantial right of the party assigning it * * *."
In Florida harmless error has been defined as one that does not injuriously affect the substantial rights of the complaining party. Jacksonville v. Glover, 1915, 69 Fla. 701, 69 So. 20; Prince v. Aucilla River Naval Stores Co., 1931, 103 Fla. 605, 137 So. 886; Seaboard Air Line R.R. Co. v. McCutcheon, Fla.App. 1963, 158 So.2d 577. It has also been held that errors which do not affect the outcome of the trial are not harmful. The test is whether, but for the error complained of, a different result would have been reached by the jury. Cornelius v. State, Fla. 1950, 49 So.2d 332; Banco Nacional De Cuba v. Steckel, Fla.App. 1961, 134 So.2d 23.
In the case at bar the only issue at the trial was the amount of damages. If all of the testimony were believed, as it could have been under the erroneous instructions given by the court, the verdict was not excessive.
On the other hand, if the correct instruction had been given, the jury might have rejected plaintiff's testimony and returned a verdict for a lesser amount. Therefore, in applying the test of whether, but for the erroneous instruction, a different result would have been reached by the jury, we must conclude that reversible error was committed.
Reversed and remanded.
ANDREWS, J., and GONZALEZ, JOSE A., JR., Associate Judge, concur.