WIGGINTON, Judge.
Plaintiff seeks review of a final summary judgment rendered in favor of two of the three defendants sued in this action. Appellant complains that the trial court erred in striking portions of his amended complaint and in holding that the two defendants, Allied Van Lines, Inc., and Mal-loy Bros., were entitled to judgment as a matter of law.
Appellant seeks damages for injuries suffered by him when the cab on a tractor truck owned by defendant, Ben Peters, fell and injured him while he was in the process of repairing the vehicle. The complaint alleges that defendant Peters was the employee of the other two defendants, Allied Van Lines and Malloy Bros., and while acting within the scope of his employment carelessly and negligently released the catch holding the cab of the tractor causing it to fall upon and injure plaintiff.
By their answer all three defendants allege that the tractor truck in question was *200 owned by Ben Peters and operated by him as an independent contractor under a written agreement with Allied Van Lines, Inc. They deny that Peters was the employee of Allied or Malloy or acting within the scope of his employment with them when the injury to plaintiff occurred. Defendants Allied and Malloy moved for a summary judgment in their favor and attached to an affidavit by Malloy a copy of the written contract between Peters and Allied. Based upon the pleadings, a deposition given by Peters, and the contract between the parties defendant, the trial court found that there existed no genuine issue of any material fact and that Malloy and Allied were entitled to judgment as a matter of law.
It becomes readily apparent that the principal question involved in this case is the relationship which existed between the defendants, Peters, as the owner and operator of the tractor truck, Allied Van Lines, and its agent, Malloy. Appellant contends that the documents and other evidence before the court create a genuine issue of fact as to whether Peters was an employee of Allied as distinguished from an independent contractor with that corporation. On the contrary, both Allied and Malloy contend that the evidence creates no genuine issue of any material fact and establishes as a matter of law that the relationship between Peters and Allied is that of independent contractor.
If as a matter of law it is determined that Peters is an employee of Allied or Malloy, then the latter defendants would be jointly liable for Peters’ negligence under the doctrine of respondeat superior. If on the other hand Peters is an independent contractor, no such liability on the part of Allied or Malloy would exist.[1]
In the case of King v. Young[2] the Second District Court of Appeal delineated the difference between an employee and an independent contractor in the following manner:
“The status of an independent contractor, as distinguished from that of an agent, consists of a contractual relationship by one with another to perform something for him, but the one so engaged is not controlled or subject to the control of the other in the performance of the engagement but only as to the result. Conversely, a principal in an agency relationship retains the right to control the conduct of an agent in regard to the engagement intrusted to him. It may be said that the recognized distinction between an agent and an independent contractor relationship is determined by whether the person is subject to or whether he is free from control with regard to the details of the engagement. See Florida Industrial Commission v. State, 1945, 155 Fla. 772, 21 So.2d 599; and 2 Am.Jur., Agency, section 8, p. 17.”
The test to be applied in determining whether a principal exercises that degree of control over the performance of his contractor as to render the latter an agent or employee is stated by the author of Florida Jurisprudence to be as follows:
“Generally, the test of what constitutes independent service lies in the control exercised, the decisive question being who has the right to direct what shall be done, and when and how it shall be done. Again, the right of control as to the mode of doing the work contracted for is the principal consideration in determining whether one is employed as an independent contractor or as a servant. If the person hired is subject to the control or direction of the owner merely as to the result to be obtained, he is an independent contractor. But if he is subject to the control of the employer as to the means to be employed, *201 he is a servant. Control in this sense means more than mere sporadic interference. The relationship of employer and employee requires control and direction by the employer over the actual conduct of the employee. This exercise of control over the person, as well as the performance of the work, to the extent of prescribing the manner in which the work shall be executed and the methods and details by which the desired result is to be accomplished is the feature that distinguishes an independent contractor from a servant. * * * ”[3]
With the foregoing criteria as a stand-' ard, we have carefully examined the contract entered into between Peters and Allied. Without quoting in full all provisions of the contract we are of the view and so hold that the relationship established thereby is one of independent contractor and not of employer-employee or principal and agent as contended for by appellant. It is clear to us that by such contract Allied controls Peters’ performance thereunder only as to the results to be attained and does not control his performance with regard to the details of the engagement. It is Peters’ obligation under the contract to repair and maintain his tractor at his own expense, and to carry his own public liability and property damage insurance. For the services to be performed by him, Peters receives fifty percent of the hauling charges paid by the customer and defrays fifty percent of the cargo insurance premiums. The contract conforms in all material respects to the type customarily entered into between owners of truck tractors engaged in the business of hauling cargoes of materials, fruit, and vegetables from shipping points in Florida to destinations both within and outside of this state and the shippers whose property they transport. Such contractors serve an important segment of our economy and act wholly independent of any detailed control of their operation by the shippers with whom they do business. While it is true that the contract contains some specific requirements which must be met by Peters in order for the contract to continue in effect, these are primarily if not exclusively requirements of either state or federal laws and regulations.
We find nothing in the pleadings or in the deposition by Peters which could be said to create a genuine issue of fact with regard to the legal relationship of the parties defendant. We therefore conclude that the trial court correctly construed the contract between Peters and Allied to be one creating the relationship of independent contractor, and the construction placed upon the agreement by the trial court was correct. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K„ Acting C. J., and SPECTOR, J., concur.

. 17 Fla.Jur. 178 et seq., Independent Contractors, § 5.

. King v. Young, (Fla.App.1958) 107 So.2d 751, 753.

. 17 Fla..Tur. 176, 177, Independent Contractors, § 4; See also 5 Blashfield’s Cyclopedia of Automobile Daw and Practice 206, § 2963 (Perm. Ed.).