WIGGINTON, Acting Chief Judge.
Plaintiff and one of several defendants have appealed summary final judgments against them rendered in favor of the defendant insurance carrier. It is contended that the trial court erred in holding that there existed no genuine issue of any material fact and that the defendant insurance carrier was entitled to judgment as a matter of law.
Plaintiff Willis claims damages suffered by him as a result of a chemical which was sprayed from an airplane on his pastureland by defendant Luke, thereby depriving him of the use of the pasture for dairy purposes. Luke’s insurance carrier, The Underwriters at Lloyds, London, was joined as a defendant because of a liability insurance contract issued by it to Luke which was in force and effect at the time of the occurrence which gave rise to the cause of action sued upon.
By its summary final judgments appealed herein the trial court construed the insurance contract, and the endorsement issued in connection therewith, as specifically excluding from coverage all liability for claims in respect of damage to or destruction of property caused by or resulting from the use by the assured of all forms of chemicals. In his application for the insurance which by reference was made a part of the policy, the assured Luke specifically stated that he did not desire to purchase chemical liability insurance.
It is our view that the exclusionary endorsement, when construed together with the contract of which it is a part,[1] is clear, unambiguous, and specifically excludes liability for the claim sued upon as alleged in the complaint filed by Willis and the cross-claim by Luke against Lloyds.[2] The construction to be placed upon the insurance contract involves a question of law to be resolved by the court and not an issue of fact to be resolved by the jury.[3] The fact that Luke may have thought, as he now contends, that his insurance policy afforded him limited chemical liability coverage contrary to its specific provisions is immaterial.[4]
The judgment appealed is affirmed.
Affirmed.
RAWLS and SPECTOR, JJ., concur.

. Hughes v. Professional Insurance Corporation (Pla.App.1962), 140 So.2d 340.

. Federal Insurance Company v. Me-Nichols (Fla.1955), 77 So.2d 454.

. Roark v. Peters (Pla.App.1970), 242 So.2d 199.

. State Liquor Stores # 1 v. United States Pire Insurance Co. (Pla.App.1971), 243 So.2d 228.