275 So.2d 19 (1973)
DIXIE-BELL OIL COMPANY, INC., a Florida Corporation, et al., Appellants,
v.
Milton S. GOLD, Appellee.
No. 72-696.
District Court of Appeal of Florida, Third District.
March 20, 1973.
*20 Joel R. Teague, Coral Gables, and Don Lacy, Miami, for appellants.
Nachwalter & Falk, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of a final judgment entered upon a $15,000 jury verdict for plaintiff.
Plaintiff sustained injuries when he became involved in an automobile accident with a vehicle owned by defendant Dixie-Bell Oil Company. Defendant admitted liability and the case was tried before a jury as to the issue of damages. At trial, attorney for the defendant offered to introduce into evidence a letter from plaintiff's attorney advising the examining doctor to destroy or hide certain enclosed medical reports on plaintiff after reviewing them. During the proceedings, plaintiff denied the filing of any workman's compensation claims. In his argument to the jury, defendant's attorney indicated that information from the Workman's Compensation Bureau reflected a claim had been filed but after a certain period of time the records had been destroyed and, therefore, were not available. Plaintiff's counsel, in his closing, answered that it was unbelievable that opposing counsel would have the gall to state that the Bureau of Workman's Compensation destroys records. At the conclusion of the trial, the court instructed the jury that only testimony that comes from the witness stand shall be considered evidence. The jury returned a $15,000 verdict in favor of the plaintiff. Defendant moved for a new trial which was denied. This appeal ensued.
Appellant raises on appeal the point that plaintiff's attorney's letter should have been introduced into evidence and for authority relies upon Seaboard AirLine Railroad v. Strickland, Fla. 1956, 88 So.2d 519. However, in Strickland, the correspondence contained an expression of amusement over the diagnosis of plaintiff's condition by defendant's lawyer and physician. The case sub judice is clearly distinguishable as the letter here involves only the inclusion of the reports of examining doctors.
The trial court found that the letter was not relevant and material. We agree. The letter per se had no bearing on plaintiff's medical condition and there was no reason why the examining doctor could not read the reports enclosed therein. The *21 test of inadmissability is lack of relevancy. Johnson v. State, Fla. 1961, 130 So.2d 599. Therefore, we hold the lower court correct in denying the admissability of the letter.
Another point for reversal which appellant raises is the harmful conduct of the attorney for the plaintiff in his personal attack on the attorney for the defendant in the closing argument to the jury. Improper statements in arguments before a jury will not be considered grounds for mistrial, reversal, or new trial unless they are highly prejudicial and inflammatory. City of Miami v. Fletcher, Fla.App. 1964, 167 So.2d 638; H.I. Holding Company v. Dade County, Fla.App. 1961, 129 So.2d 693. In addition, the court instructed the jury that only testimony that comes from the witness stand shall be considered evidence. Here, again, we find no reversible error.
We have considered also appellant's other points on appeal and find them to be without merit.
For the reason stated herein, the judgment of the lower court must be and hereby is affirmed.
Affirmed.