HENDRY, Judge.
Appellants/plaintiffs take this appeal from a final judgment entered pursuant to a jury verdict in favor of appellee/defend-ant. In rendering its verdict, the jury determined that a contract of insurance entered into by the parties did not provide coverage for the contents of appellants’ home which were damaged by fire.
Appellants have raised four points on appeal. Their first and third points claim that (1) the court erred in refusing to direct a verdict in appellants’ favor in that the construction to be placed upon an insurance contract involved a question of law and (2) likewise erred in submitting said question to the jury.
Generally, the construction to be placed upon an insurance contract involves a question of law to be resolved by the court and is not an issue of fact to be determined by jury. Willis v. Willis, 245 So.2d 302 (Fla. 1st DCA 1971). Sub judice, however, appellants introduced a second issue into the case. Appellants claimed that they had requested contents coverage from appellee and were misled into believing that such coverage had been extended. This allegation, denied by appellee, created an issue of fact that was properly submitted to the jury. See Harris v. Aetna Insurance Co., 208 So.2d 282 (Fla. 3d DCA 1968).
The trial judge apparently refused to direct a verdict on the construction question because there was a factual dispute involved. Instead, the judge submitted both questions to the jury. While the construction of the policy should have been resolved by the court, submitting such issue to the jury sub judice was not reversible error. This is so because the policy sued upon was not ambiguous and judgment, as a matter of law, should have been rendered in favor of appellee on that issue. See Equitable Life Assurance Society of United States v. Pinon, 344 So.2d 880 (Fla. 3d DCA 1977). As such, where the jury’s verdict was in accordance with the law, any error in submitting said question to the jury was harmless. See Dade Air Conditioning & Heating Corporation v. Jannach, 218 So.2d 193 (Fla. 3d DCA 1969).
Appellants’ second point on appeal claims that the court erred in failing to give appellants’ complete jury instruction number four, which, inter alia, informed the jury of the general rules applicable to ambiguities contained in a contract of insurance. The trial judge did, however, give the following portion of instruction number four, to-wit:
“ . . . If, however, the greater weight of the evidence shows that there was contents coverage or that the contract of insurance was doubtful, uncertain or ambiguous, or susceptible to two interpretations so that it can not be determined, on its face, whether or not con *269 tents coverage existed, then your verdict should be for the plaintiffs.”
While the above instruction might not be ideal, we believe it did adequately inform the jury of the applicable law. As such, we find no reversible error. Gavin v. Headley, 272 So.2d 843 (Fla. 3d DCA 1973).
Appellants’ fourth point has been considered by this court and deemed to be without merit.
Accordingly, the final judgment appealed from is hereby affirmed.
Affirmed.