453 So.2d 547 (1984)
ARISTEK COMMUNITIES, INC., a Florida Corporation, Doing Business As Lakewood Village and Aristek Properties, Ltd., a Foreign Corporation Doing Business As Lakewood Village, Appellants/Cross Appellees,
v.
Lee W. FULLER, et al., Appellees/Cross Appellants.
No. 83-1399.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
*548 Lawrence A. Barkett of Gould, Cooksey, Fennell, Appleby, Barkett & O'Neil, Vero Beach, for appellants/cross appellees.
Clifford M. Miller of Miller & Miller, Vero Beach, for appellees/cross appellants.
Jack M. Skelding, Jr., Ronald A. Labasky and Kathryn G.W. Cowdery of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for Florida Manufactured Housing.
Jim Smith, Atty. Gen., and Joanna R. Martin, Sp. Asst. Atty. Gen., Tallahassee, for State of Florida.
John T. Allen, Jr., St. Petersburg, for Federation of Mobile Home Owners of Florida.
WALDEN, Judge.
The tenants at a mobile home park sued the park owners saying the rent increases from 1979 to 1983 were unconscionable. The tenants won. Owners appeal. We reverse and remand for further proceedings.
Contrary to the provisions of Section 83.754, Florida Statutes (1983),[1] the trial court did not determine the issue of unconscionability. Instead, and erroneously, the issue was submitted to a jury. It returned a special verdict as follows:
Are the rent increases on lots in Lakewood Village made from 1979 to date by the defendants unconscionable as the rent was increased beyond the fair market rental value of each lot? [emphasis supplied]
YES X NO ____.
Thereafter, the trial court conducted a hearing and determined the dollar value of a reasonable rent, the amount of rebates, and then awarded the tenants reasonable attorney fees.
We hold that the submission of the case to the jury, as above outlined, constituted harmful error which mandates reversal and remand.
We are aware that in some cases the wrongful submission of a case to a jury may constitute harmless error. See Gaulden v. Arkwright-Boston Manufacturers Mutual Ins. Co., 358 So.2d 267 (Fla. 3d DCA 1978).
The test for harmful error is whether but for such error a different result would have been reached. Anthony v. Douglas, 201 So.2d 917 (Fla. 4th DCA 1967).
The basis for our determination that the error was harmful starts with the wording of the verdict. In order for the jury to determine that the increases were unconscionable, it would have to find and base its decision solely on a finding that "the rent was increased beyond the fair market rental value of each lot."
First, the statute does not prescribe the above criteria. In our opinion, the above *549 criteria would be a powerful force in making a determination of unconscionability. However, there are other bases that may support a finding of unconscionability. See Kohl v. Bay Colony Club Condominium, 398 So.2d 865 (Fla. 4th DCA 1981); Bennett v. Behring Corp., 466 F. Supp. 689 (S.D.Fla. 1979).
Second, most compellingly, there was no evidence adduced that we could find that would support the fact that the rent was increased beyond the fair market rental value of each lot. Indeed, the evidence was to the contrary.
In light of the reversal on the merits, we vacate the award of attorney's fees without prejudice for re-determination based on the outcome of the case in chief.
The tenants' cross appeal is without merit.
Reversed and remanded for further proceedings consistent herewith.
LETTS and HERSEY, JJ., concur.
NOTES
[1] 83.754 Unconscionable lot rental agreements.

(1) If the court as a matter of law finds a mobile home lot rental agreement, or any provision of the rental agreement, to have been unconscionable at the time it was made, the court may:
(a) Refuse to enforce the rental agreement.
(b) Enforce the remainder of the rental agreement without the unconscionable provision.
(c) So limit the application of any unconscionable provision as to avoid any unconscionable result. (Emphasis added)