487 So.2d 56 (1986)
ASHLING ENTERPRISES, INC., d/b/a Four Seasons Mobile Home Estates, Appellant and Cross/Appellees,
v.
Ronald C. BROWNING and Karen Browning, Appellees and Cross/Appellants.
No. 85-935.
District Court of Appeal of Florida, Third District.
April 1, 1986.
Rehearing Denied May 8, 1986.
Kimler & Entin and Lewis Kimler, Sunrise, Thomas J. Walsh, Homestead, for appellant and cross/appellees.
John T. Allen, Jr. and Christopher P. Jayson, St. Petersburg, for appellees and cross/appellants.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
Finding that sufficient evidence supports the trial court's ruling that the amount of the increase in the rent charged for mobile home lots was unconscionable in light of the reduction in services and the amount of rent charged by comparable mobile home parks in the vicinity, we affirm the amended final judgment. See Helman v. Seaboard Coast Line Railroad, 349 So.2d 1187 (Fla. 1977); Stewart v. Green, 300 So.2d 889 (Fla. 1974); Kohl v. Bay Colony Club Condominium, Inc., 398 So.2d 865 (Fla. 4th DCA), review denied, 408 So.2d 1094 (Fla. 1981); cf. Aristek Communities, Inc. v. Fuller, 453 So.2d 547 (Fla. 4th DCA 1984) (evidence does not support finding that rent increased beyond fair market rental value). Appellant's remaining points lack merit.
As to the cross-appeal, we find that because the notice of appeal from the amended final judgment had been filed prior to the entry of the post-judgment order, the trial court lacked jurisdiction to entertain further proceedings relating to the subject matter of the appeal. Hudson v. Hofmann, 471 So.2d 117 (Fla. 2d DCA 1985); Bailey v. Bailey, 392 So.2d 49, 52 (Fla. 3d DCA 1981). We therefore reverse the order under review and remand for an evidentiary hearing to determine a reasonable rent increase.
Amended final judgment affirmed; post-judgment order reversed and remanded.