FERGUSON, Judge
(dissenting).
Appellants, Colonial Acres Mobile Home Owners, were notified of a substantial rental increase by appellee/park owner, Wal-lach, in 1985, the same year Wallach purchased the Colonial Acres Mobile Home Park. The majority of the residents refused to pay the increase and filed suit to have it declared unconscionable pursuant to the Florida Mobile Home Act, chapter 720, Florida Statutes (1984).[1] The park owner filed a counterclaim for the unpaid increase which was met by the homeowners’ request for mediation of the dispute in accordance with section 723.037. The park owner’s claim, along with the homeowners’ affirmative defense of uncon-scionability, was adjudicated by the trial judge as a question of law.[2]
A judgment for the park owner was entered on the authority of Garrett v. Janiewski, 480 So.2d 1324 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1333 (Fla.1986), applying an unconscionability standard to determine the propriety of the rental increase for mobile home lots. In paragraph 18 of the Final Judgment the court found
[t]he evidence in this case falls short of proof that the proposed rental increase is “shocking to the conscience” or “monstrously harsh”....
citing also this court’s opinion in Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 889 (Fla.1983).
I respectfully dissent because whether the amount of any rental adjustment is lawful is determined by a factual standard of reasonableness under the circumstances, and not by the heavy legal standard of unconscionability. Garrett, relied upon by the majority as sole authority, was not decided under chapter 723. The contested rental increases in Garrett occurred prior to the enactment of the new section on rental increases.[3]
The word “unconscionable” appears in section 723.033. That provision empowers the court to refuse enforcement of the original contract or any unconscionable provision, or to limit the application of such *26 provisions where it is found, as a matter of law, that the contract or any of its provisions, was “unconscionable at the time [the contract] was made.”
On the other hand, lot rental increases which occur, usually, after the parties have entered into mobile home lot leases, are now governed by section 728.037 of the Act. If a majority of the homeowner association members state in writing that a rental increase is “unreasonable” there is a right to mediation or arbitration. § 723.037(3)-(4), Fla.Stat. (1985). Unless the parties agree to be bound by the mediation or arbitration, there is still a right to a trial de novo in a court of competent jurisdiction. § 723.038(2), Fla.Stat. (1985). The word unconscionable does not appear in the section on lot rental increases. Reasonable is defined by the statute as arbitrary, capricious or inconsistent with the purpose of the chapter, section, § 723.003(10), Florida Statutes (1985) — a lesser burden than that imposed by the unconscionable standard.[4]
Laws regulating mobile home parks have been enacted to protect mobile home tenants from oppressive treatment in their relations with park owners because of the latters’ overriding economic advantage over their tenants. A standard of reasonableness has been specifically applied to rules and regulations providing for periodic rental adjustments. Stewart v. Green, 300 So.2d 889 (Fla.1974); see also Palm Beach Mobile Homes, Inc. v. Strong, 300 So.2d 881, 886 (Fla.1974) (constitutional right to contract and to use one’s property as one wills must be determined in light of social and economic conditions prevailing at given time).
There is evidence, although disputed, of a reduction in services and maintenance at Colonial Acres under the new ownership that could support a finding that the lot rental increases are unreasonable even if not unconscionable. The swimming pool was closed by the Health Department; the recreation hall’s air conditioner was inoperable for several months; the security fence was mended with chicken wire; and the electronic security gate is inadequate to deter the area’s escalating crime. There was also testimony that lawns went uncut for long periods of time, of overgrown shrubbery, peeling paint, broken chairs, an unusable, littered picnic area, and inaccessible laundry restrooms. Neither can the rental increases be justified on the basis of increased operating costs alone as the evidence, from the park owner’s employees and business records, signals that operating costs may be grossly exaggerated.
The homeowners demanded a trial by jury for a resolution of the disputed issues. The court made the case one for determination as a matter of law by incorrectly applying the unconscionable legal standard. The judgment should be reversed and the cause remanded for a new trial where the fact-finder may resolve the disputed factual issues and decide, by a standard of reasonableness as statutorily defined, the validity of the rental increase.

.The Act is now codified as chapter 723, Florida Statutes (1985). The provisions covering rental increases, formerly chapter 720.202, now 723.037, became law October 1, 1984. Section 83.750 et seq., Florida Statutes (1983), the forerunner to chapter 723, had no separate provision governing rental increases.

. The action originated against the predecessor park owner based on earlier rental increases. The suit against the prior owner was settled.

. See also Aristek Communities, Inc. v. Fuller, 453 So.2d 547 (Fla. 4th DCA 1984) (validity of rental increase tested by standard of uncon-scionability, as a matter of law, under section 83.754).

. In two cases the courts have continued to improperly apply the unconscionable standard to rental increases in cases brought pursuant to chapter 723: Ashling Enters., Inc. v. Browning, 487 So.2d 56 (Fla. 3d DCA 1986) (rent increase unconscionable in light of reduction in services and comparable mobile home lot rental rates in the vicinity); Pearce v. Doral Mobile Home Villas, 521 So.2d 282 (Fla. 2d DCA 1988) (ability of mobile home tenant to pack up and go elsewhere is not a material consideration in determining whether a lot rental increase is unconscionable).