656 So.2d 1351 (1995)
Charles PASCALE, as Personal Representative of the Estate of Carmela Pascale, Deceased, and on behalf of the survivors of the Estate of Carmela Pascale, Appellants,
v.
FEDERAL EXPRESS CORPORATION, a Delaware corporation, Fleetmark, Inc., a Tennessee corporation, Eugene Bode, Saul Greenberg and Dora Greenberg, Appellees.
No. 94-0176.
District Court of Appeal of Florida, Fourth District.
June 21, 1995.
Rehearing Denied July 28, 1995.
*1352 Scott M. Newmark of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellants.
James K. Clark and Frances Fernandez Guasch of Clark, Sparkman, Robb & Nelson, Miami, for appellees.
BROWN, LUCY C., Associate Judge.
Appellant, Charles Pascale, plaintiff below (Pascale), appeals a trial court order denying his motion for a new trial and to set aside the directed verdict entered in favor of the appellees, the Greenbergs. Because there was evidence and reasonable inferences which would support Pascale's claim against the Greenbergs, we reverse.
This case had its unfortunate beginnings with a fatal three car accident on Interstate 95 in Broward County. The motor vehicles involved in the accident were a Federal Express tractor trailer driven by Eugene Bode (Bode); a Honda Accord driven by the Greenbergs; and a van driven by Pascale and occupied by his wife, Carmela. As a result of the accident, Carmela died. Pascale, as the personal representative of his wife's estate, sued a number of defendants for wrongful death, including Bode, Federal Express and the Greenbergs.
The evidence adduced during Pascale's case in chief revealed that the Greenbergs were driving in the right center lane, Bode was driving the Federal Express truck in the left center lane, and Pascale was driving his *1353 van in the far left lane. Physical evidence demonstrated that an impact occurred between the right front side of the Federal Express truck and the left rear quarter panel of the Greenbergs' car. As a result of this initial contact, the Greenbergs lost control of their car and proceeded directly in front of the Federal Express truck. The Greenbergs continued across the Federal Express lane and collided with the Pascale van causing the van to flip one and a half times. This collision caused Carmela Pascale's death.
Pascale called two experts who both opined that the Greenbergs were proceeding lawfully and entirely in their lane of traffic prior to impact with the Federal Express truck. Moreover, both experts testified that the initial impact was caused by the Federal Express truck swerving into the right center lane and that the accident was unavoidable from the Greenbergs' perspective. Bode, the driver of the Federal Express truck, however, testified that he never left his lane. Further, Bode testified that the first time he saw the Greenbergs' Honda was when it proceeded in front of his truck.
At the conclusion of Pascale's case in chief, the Greenbergs moved for a directed verdict claiming that Pascale failed to establish a prima facie case of negligence against them. The trial court granted the motion for directed verdict and the case proceeded to the damages portion against Federal Express and Bode. Ultimately, the jury found the defendants negligent and awarded Pascale $6.8 million in damages.
In negligence cases, a motion for directed verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence. Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985). Upon a directed verdict motion, the weight of the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. Kowkabany v. Home Depot, Inc., 606 So.2d 716 (Fla. 1st DCA 1992). Thus, a trial court should direct a verdict against the plaintiff only if there is no evidence, or reasonable inferences therefrom, upon which a jury may find for the nonmoving party. Yanks v. Barnett, 563 So.2d 776 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 295 (Fla. 1991); Medina v. 187th St. Apartments, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981). Accordingly, if there is conflicting evidence or if differing reasonable inferences may be drawn therefrom, the directed verdict motion must be denied. Jennings v. Ray, 484 So.2d 1267 (Fla. 5th DCA 1986).
In the instant case, the preponderance of the evidence established that Bode's negligence was a legal cause of damage to Pascale. Both experts opined that the Greenbergs were travelling in a safe lawful manner prior to the accident and that the initial impact was caused solely by the Federal Express truck swerving into the Greenbergs' lane. However, merely because the preponderance of the evidence established that Bode was negligent does not mean that there was a complete absence of evidence demonstrating negligence on the part of the Greenbergs. Bode testified that he never saw the Greenbergs' vehicle and that he never left his lane of traffic. Determining the believability and credibility of witnesses is purely a function of the jury. Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979). Viewed in the light most favorable to Pascale, the jury could have disbelieved the experts and reasonably inferred from Bode's testimony that the Greenbergs negligently swerved into Bode's lane of traffic thereby causing or contributing to the initial impact. Viewed in this context, the Greenbergs would bear some degree of legal responsibility for the resulting damages to Pascale. Because the evidence was conflicting, negligence and proximate cause were necessarily questions for the jury. Abrams v. Gresham, 131 So.2d 207 (Fla. 3d DCA 1961). Accordingly, the trial court erred in directing a verdict in favor of the Greenbergs.
The next issue to be determined is whether the erroneous direction of a verdict in favor of the Greenbergs was a harmful error requiring reversal. We hold that it was.
Generally, an error is harmless if it does not injuriously affect the substantial rights of the complaining party. § 59.041, Fla. Stat. (1993). The test is whether, but for the error, a different result would have been reached. Aristek Communities, Inc. v. Fuller, *1354 453 So.2d 547 (Fla. 4th DCA 1984); Anthony v. Douglas, 201 So.2d 917 (Fla. 4th DCA 1967), cert. denied, 210 So.2d 222 (Fla. 1968). Section 59.041, Florida Statutes (1993), provides that the reviewing court must examine the entire case to determine whether "the error complained of has resulted in a miscarriage of justice," specifically applying a standard of liberal construction.
Pascale concedes that the amount of his damages would have been identical had the verdict not been misdirected. Nevertheless, his argument that the nature of his judgment was in fact different because of the error has merit. Had the jury found the Greenbergs jointly responsible for Carmela Pascale's death, the Greenbergs would have been financially responsible for a portion of the damages awarded. Because Pascale was wrongfully deprived of a solvent defendant on the verdict form, a substantially different result in the practical realm of collectibility might have been reached.
Because the verdict was a very large one, against a well known corporate defendant, Federal Express, the Greenbergs ask this court to make the assumption that the entire amount of the judgment has been or will be collected by Pascale against Federal Express. We will not make an assumption of total collectibility without record evidence to support such an assumption. In the instant case, there is no such evidence. Furthermore, the size of Pascale's award is irrelevant. Pascale has the same legal right as any other successful plaintiff to collect his full measure of damages awarded against the defendants who must bear the degree of responsibility attributed them by the jury. Thus, our examination of the entire case persuades us that the error complained of has resulted in a miscarriage of justice and that but for the error, a different result would have been reached.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
STONE and PARIENTE, JJ., concur.