TAYLOR, J.,
concurring specially.
I concur with the majority that the judgment in this case should be affirmed. I disagree that the trial court properly limited plaintiffs cross-examination of the defendants’ AFE expert on the high rate of AFE diagnoses at West Boca Medical Center. In my view, the hospital’s alleged propensity for over-diagnosing or misdiagnosing AFE was not a collateral matter, but rather an issue that related directly to the cause of Mrs. Special’s death after delivery. The jury was asked to decide whether she died as a result of AFE, as defendants contended, or from anesthetic complications, as plaintiff claimed. Testimony from the defendants’ own expert regarding the hospital’s unusually high incidence of this rare condition tended to support the plaintiffs theory that the defendants rushed to judgment in reaching them AFE diagnosis in this case.
However, I agree with the majority that the error was harmless. During the plaintiffs proffer, Dr. Dildy testified that, assuming Dr. Adelman’s recollection of the incidence of AFE at West Boca Medical Center was accurate, he would be concerned that AFE was being over-diagnosed. Yet, even when confronted with statistics documenting this possibility, he persisted in his opinion that Mrs. Special presented a case of AFE. He testified, “But this case here, we’re talking about, it doesn’t matter what all these other cases are, this case is this case, and this case is an amniotic fluid embolism.”
Under the harmless error standard of review, the test is whether, but for the error, a different result would have been reached. Dessanti v. Contreras, 695 So.2d 845 (Fla. 4th DCA 1997); Pascale v. Federal Express Corp., 656 So.2d 1351 (Fla. 4th DCA 1995); Aristek Communities, Inc. v. Fuller, 453 So.2d 547 (Fla. 4th DCA 1984); Anthony v. Douglas, 201 So.2d 917 (Fla. 4th DCA 1967). Here, plaintiffs counsel was unable to establish during its proffer that evidence of the hospital’s over-diagnosis of AFE in other cases would have affected Dr. Dildy’s opinion that Mrs. Special died as a result of AFE. Further, as the majority points out, plaintiffs counsel strenuously argued during his closing remarks that the hospital continued its practice of misdiagnosing AFE when determining the decedent’s cause of death. Thus, it is difficult to say that, but for the exclusion of Dr. Dildy’s testimony regarding this matter, a different result would have been reached. I would, therefore, affirm the judgment for defendants.