601 So.2d 612 (1992)
Michael Gregory KATOS, Appellant,
v.
Robert B. CUSHING, D.D.S. and Robert B. Cushing, D.D.S., P.A., Appellees.
Nos. 91-1504, 91-1266.
District Court of Appeal of Florida, Third District.
June 23, 1992.
*613 Ronald M. Friedman, Boca Raton, Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno and Herman J. Russomanno and Beth F. Bloom, Miami, for appellant.
Kubicki, Draper, Gallagher & McGrane and Betsy E. Gallagher and Miles McGrane, Miami, for appellees.
Before NESBITT, FERGUSON and GODERICH, JJ.
PER CURIAM.
The test for harmful error is whether, but for such error, a different result may have been reached. Marks v. Delcastillo, 386 So.2d 1259, 1267 n. 15 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981). Upon review of the record, we conclude that the alleged erroneous evidentiary rulings did not affect the outcome in this dental malpractice action. The evidence excluded was essentially cumulative, and the admitted medical testimony challenged here was not so prejudicial as to destroy the jury's impartiality. For these reasons, a new trial is not warranted. See Kennedy v. Brago, 544 So.2d 216 (Fla. 3d DCA 1989); Jefferson Disposal Co. v. Green, 311 So.2d 785 (Fla. 3d DCA 1975).
Competent and substantial evidence was presented from which the jury could have concluded, in its general verdict, that the plaintiff was not lulled into a six month delay in seeking surgical attention owing to negligent actions on the part of the defendant doctor, or that the delay in seeking surgical intervention was not a cause of the injury. Because no harmful error is shown, and the jury verdict is supported by competent evidence, there are no grounds for reversal. Thompson v. Jacobs, 314 So.2d 797 (Fla. 1st DCA 1975).
Affirmed.