606 So.2d 1236 (1992)
David Lee GALLAGHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-164.
District Court of Appeal of Florida, Third District.
October 20, 1992.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
This case is before us on remand for reconsideration in light of the Florida Supreme Court's decision in Miller v. State, 597 So.2d 767 (Fla. 1991).[1]
Defendant was involved in a traffic accident and was charged with multiple counts of manslaughter, DUI-manslaughter, and DUI-serious bodily injury. Blood samples taken approximately 46, 90 and 142 minutes after the accident indicated a blood-alcohol level of 0.11, .09 and .07 respectively. The trial court admitted the results of the tests even though the expert witness was unable to testify what the defendant's blood-alcohol level was at the time the appellant was operating the vehicle.
We conclude that the results of the blood tests were admissible because they were conducted within a reasonable time and their probative value outweighed the potential for prejudice. Miller, 597 So.2d at 770 (holding that alcohol test conducted an hour and twenty minutes after the defendant was stopped was performed within a reasonable time of the incident); Haas v. State, 597 So.2d 770 (Fla. 1992) (concluding that alcohol test results, standing alone, are circumstantial evidence, and the results may be sufficient to convict a defendant of DUI).
Affirmed.
NOTES
[1] This court had previously affirmed the defendant's conviction. Gallagher v. State, 570 So.2d 442 (Fla. 3d DCA 1990). The Florida Supreme Court, however, vacated the judgment and remanded for reconsideration. Gallagher v. State, 597 So.2d 767 (Fla. 1991).