616 So.2d 457 (1992)
Syndi R. TRACTON a/k/a Cindy Tracton, Appellant,
v.
CITY OF MIAMI BEACH and Regina C. Siedentopf, Appellees.
No. 91-2553.
District Court of Appeal of Florida, Third District.
December 22, 1992.
Rehearing Denied May 4, 1993.
Colodny, Fass & Talenfeld, North Miami, and Stuart B. Yanofsky, Sunrise, for appellant.
Fuller, Mallah & Associates, and Lawrence A. Fuller, Miami Beach, for appellees.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
In this appeal from an order issued pursuant to an adverse jury verdict in an action for false arrest, Tracton raises as reversible error the trial court's exclusion of the results of her blood-alcohol test and a DUI videotape of Tracton made two hours after her arrest. We agree that the erroneous exclusion of this relevant evidence was reversible error.
Tracton's vehicle was rear-ended by a drunk driver when she braked to avoid hitting a dog in the road. The impact of the crash caused Tracton's small jeep-like vehicle to spin around and roll over at least one and a half times. Minutes after emerging from the vehicle, still shaken, she was questioned by Officer Siedentopf, a traffic-accident investigator. Siedentopf noted that Tracton's eyes were bloodshot and that her breath smelled of alcohol. Tracton admitted that she had a drink at a party earlier in the evening. Siedentopf then subjected Tracton to roadside tests designed to assess her coordination and equilibrium. Siedentopf later testified that she had Tracton perform the tests just five to seven minutes after the roll-over, even though the officer customarily allowed a roll-over victim fifteen minutes to recover before conducting coordination tests. Following a heated verbal exchange with the police officer, Tracton was arrested and jailed based on a poor performance of the tests. No charges were ever filed.
Tracton brought this action against Officer Siedentopf and the City of Miami Beach for false arrest. The court granted Siedentopf's motion in limine to exclude, as irrelevant, the results of Tracton's blood alcohol test and a DUI videotape taken approximately two hours after the arrest. The jury returned a verdict in favor of Siedentopf. Tracton moved for a directed verdict or new trial contending that the exclusion of scientific evidence relevant to the issue of her impairment was error. The motion was denied; Tracton appeals.
*458 It is agreed that the exclusion of the results of the appellant's Blood Alcohol Level (BAL) test, administered approximately two hours after her arrest, was error. The fact of a delay in submitting to the test went to the weight to be given that evidence by the jury and not to its admissibility. See Miller v. State, 597 So.2d 767 (Fla. 1991) (result of blood alcohol test taken an hour and twenty minutes after defendant last operated motor vehicle is admissible evidence); Gallagher v. State, 606 So.2d 1236 (Fla. 3d DCA 1992) (a two-hour and twenty-two minutes old test is admissible).
Because the BAL test results, along with a DUI videotape which was also erroneously excluded, were the only nontestimonial evidence available to the plaintiff to establish the nonexistence of probable cause, we cannot agree that the exclusion of those items was harmless. An error cannot be deemed harmless where, as here, there is a reasonable probability that but for the error a result more favorable to the appellant may have been reached. Katos v. Cushing, 601 So.2d 612 (Fla. 3d DCA 1992) (test for harmful error is whether, but for such error, a different result may have been reached).
Reversed and remanded for a new trial.
BASKIN and FERGUSON, JJ., concur.
JORGENSON, Judge, dissenting.
I respectfully dissent. In my view, the trial court properly excluded Tracton's blood alcohol tests and videotape. The evidence was not relevant to the issue of whether the officer had probable cause immediately following the accident to arrest Tracton for driving under the influence.
A plaintiff must prove three elements to sustain a claim for false arrest. First, there must be an unlawful detention and deprivation of liberty against a person's will. Kanner v. First Nat'l Bank of South Miami, 287 So.2d 715 (Fla. 3d DCA 1974). Secondly, the detention must be unreasonable and not warranted by the circumstances. City of Miami v. Albro, 120 So.2d 23 (Fla. 3d DCA 1960). Thirdly, the detention must be intentional. Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944). Probable cause may be raised as an affirmative defense to a claim for false arrest. Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 5 (Fla. 1983).[1]
In this case Officer Siedentopf observed that Tracton's eyes were bloodshot, and smelled alcohol on Tracton's breath, both of which are signs of intoxication. See, e.g., State v. Edwards, 463 So.2d 551 (Fla. 5th DCA), rev. denied, 471 So.2d 43 (Fla. 1985). The officer's professional opinion at the accident scene was that Tracton failed the roadside sobriety test. Regardless of what occurred two hours after the arrest, the record indicates that the jury acted reasonably in finding that Siedentopf had probable cause to arrest Tracton. See Spicy v. City of Miami, 280 So.2d 419 (Fla. 1973) (probable cause must be established at the time of arrest without reliance on a third party's subsequent determination), cert. denied, 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 755 (1974). See also City of Hialeah v. Rehm, 455 So.2d 458 (Fla. 3d DCA 1984) (in determining whether probable cause to arrest existed, subsequent determination of guilt or innocence not relevant), rev. denied, 462 So.2d 1107 (Fla. 1985).
In holding that the trial court erred in excluding the videotape and the blood alcohol tests, the court mistakenly relies on Miller v. State, 597 So.2d 767 (Fla. 1991). In Miller, the Florida Supreme Court held that in a criminal prosecution for driving under the influence, defendant's blood alcohol test taken one hour and twenty minutes after he was stopped was admissible. "[T]he ability of the State to `relate back' blood-alcohol evidence to the time the defendant was driving a vehicle is a question of credibility and weight-of-the-evidence, not of admissibility, provided the test is conducted within a reasonable time after *459 the defendant is stopped." Miller, 597 So.2d at 770. This case, however, does not turn on whether the excluded evidence tended to show that Ms. Tracton was legally drunk when stopped, but whether it had any bearing on whether Officer Siedentopf had probable cause to arrest her based upon his roadside observations. Miller, therefore, is not dispositive.
Because probable cause is determined at the time of the arrest, blood alcohol tests and a videotape taken two hours later are not relevant to that issue, and were properly excluded.
I would affirm.
NOTES
[1] Probable cause exists when a reasonable person trained as a police officer would come to the conclusion, based on the facts, that an offense was committed by the subject. State v. Maya, 529 So.2d 1282 (Fla. 3d DCA 1988).