PER CURIAM.
Seller Robert Snider (“seller”) appeals an order setting aside a jury verdict in his favor. We reverse.
The seller entered into a contract to sell a condominium unit to buyers Joaquin Jose Serra Cardigos and Sonja Dissinger (“buyers”). When the sale did not occur, both parties claimed entitlement to the $21,500 deposit paid by the buyers and held in an escrow account by the realtor. The seller argued the buyers breached the contract by failing to apply for financing within five days and by failing to apply for a 70 percent mortgage. Apparently the jury agreed, and returned a verdict in favor of the seller.
The buyers then filed a motion for directed verdict and for new trial. The trial court granted the motion for new trial finding the jury had improperly considered a highlighted document. This document was supposed to have been replaced with an unhighlighted version prior to being submitted for the jury’s consideration.
Simply, we conclude that the buyers failed to make the requisite showing that the alleged error affected the outcome of the case. See Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla.1981). The information in the document was properly presented to the jury. The fact that a portion of the document was highlighted, does not suffice to establish a finding that the jury’s impartiality was destroyed.
Accordingly, because the verdict was supported by competent substantial evidence and no harmful error has been shown, it was improper for the trial court to grant the buyers’ motion for new trial. See Katos v. Cushing, 601 So.2d 612 (Fla. 3d DCA 1992). For these reasons, we reverse and remand with directions to enter judgment upon the jury verdict.
Reversed and remanded with directions.