833 So.2d 844 (2002)
TARGET STORES, a division of Dayton Hudson Corporation, Appellant,
v.
Corinne DETJE, Appellee.
No. 4D02-139.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
Rehearing Denied January 16, 2003.
Kathryn L. Shanley of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, Fort Lauderdale, for appellant.
*845 Bambi G. Blum of Bambi G. Blum, P.A., Miami, and Simon & Nelson, P.A., Miami, for appellee.
GROSS, J.
After a jury trial, appellee Corinne Detje recovered a judgment against appellant Target Stores arising from a slip and fall incident. Detje fell over a red-painted wooden cart stopper outside of the store.
We affirm and address Target's complaints about the plaintiff's closing argument. Although Detje's lawyer made two improper comments during his closing argument, the errors were harmless. After an examination of the entire case, it does not appear that the comments "resulted in a miscarriage of justice." § 59.041, Fla. Stat. (2001).
The parties stipulated that "any violations of the building code will need not be determined." The parties agreed not to produce experts on building code violations. Nonetheless, appellee argued in closing: "What makes this an exacerbating form of negligence is not only the fact that the condition existed, but they created it based on the evidence in this case without the permission, consent of any authority." There was no evidence that the placement of the cart stopper violated any building code or that Target needed the permission of any "authority" to install the cart stopper. Although counsel's comments were not in derogation of the stipulations, the argument suggested that the jury base its decision on matters outside the evidence.
Detje also argued in closing that she had opened up her whole life, while Target's witnesses each forgot to tell the jury something. Appellee's counsel said that Target employee Christine Duke "admitted that there were at least four photos attached to the incident report. What do they put into evidence? One out of three. One out of four is not bad. I wonder what the other three look like." We agree with Target that this argument was improper because counsel had seen the other three photos in discovery and knew that they were cumulative to the photograph in evidence.
Detje relies on Fino v. Nodine, 646 So.2d 746, 751-52 (Fla. 4th DCA 1994), but that case does not compel a different conclusion. Fino recognized the general rule that in a civil case a party may urge the jury to draw an unfavorable inference from a party's failure to testify. Id. at 751. However, Fino recognized the limitation on that rule that the "unfavorable inference which may be drawn from the failure of a party to testify is not warranted when there has been a sufficient explanation for such absence or failure to testify." Id. (quoting Geiger v. Mather of Lakeland, Inc., 217 So.2d 897, 898 (Fla. 4th DCA 1968)) (emphasis in original).
A similar rule applies to Target's failure to introduce the photographs in this case. It was improper for appellee's counsel to draw an adverse inference, since he had seen the photos and knew that they were merely cumulative of the photograph in evidence.
Target objects to several references to Target as a "big corporation." We find no error. Taken in context, the comments were not an invitation to decide the case on the improper basis of the financial status of the parties.
We find the two errors to be harmless. They were not the focus of the argument. During closing argument, defense counsel effectively rebutted the reference to the photographs by pointing out that Target could not be hiding anything because the plaintiff's lawyer had seen the photographs. The case was straightforward and short, so the importance of the *846 closing argument in the result was minimal.
As to Target's remaining complaints about Detje's closing argument, we find no error.
AFFIRMED.
TAYLOR, J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, J., dissenting.
I respectfully dissent because in my opinion the arguments of counsel, Ronald M. Simon, were clearly improper and unethical. Because the trial court erroneously overruled defense counsel's objections, the jury could have been deceived as to the evidence and issues.
Although the following remark is not raised on appeal, I have included it because it demonstrates to me that counsel was deliberately engaging in a pattern of what he had to know was highly improper argument:
Juries will do justice. Your verdicts will, perhaps right or wrong, prevent other wrongs. Without the jury system, without jury verdicts, there would be many products that would
MR. SALERNO: Objection, your Honor, this is improper reference. Sidebar.
MR. SIMON: I'll move on.
Suggesting that this verdict could prevent other wrongs and the reference to products is highly improper. Bellsouth Human Resources Admin. v. Colatarci, 641 So.2d 427 (Fla. 4th DCA 1994).
After stipulating that "any violations of the building code will need not be determined," and there having been no such evidence, counsel argued:
What makes this an exacerbating form of negligence is not only the fact that that condition existed, but they created it based on the evidence in this case without the permission, consent of any authority. You heard the evidence from their own witness that that piece of wood was placed there after the store was designed.
MR. SALERNO: Objection. This is in violation of the stipulation we entered into before.
THE COURT: I'll overrule the objection. Go ahead, sir.
* * *
If you're going to spend some money, Target, spend some money on putting the carts inside the store where they were designed to go, where they belong. You don't want to do that because that takes up more display and more sales space, so you stick it outside. That would be okay if you applied for it and you designed it and placed it there and you made it like this that's in evidence, the red gate like all the other ones are there, so that people when the carts aren't there might see something there.
This argument, about not applying for or having the consent of any authority, not only violates the parties' stipulation, but also violates Rule Regulating Florida Bar 4-3.4(e) which prohibits lawyers from arguing facts that are not in evidence. It also violates rule 4-3.5(a) which prohibits lawyers from seeking to influence jurors except as permitted by law or the rules of court.
The improper argument regarding photographs, which had been ruled inadmissible, was combined with an improper reference to the lack of an incident report. The incident report had not been produced because the court had ruled that it was privileged as work product. The argument was as follows:
*847 Where is the incident report? They didn't file one. Where are the prior incident reports when she blurted out we've never had a problem? Show it to us. Where is your proof? If you bring it in here, maybe this jury would have believed you. Photos. They admitted they took four photos. Remember that. She admitted there were at least four photos attached to the incident report. What do they put into evidence? One out of three. One out of four is not bad. I wonder what the other three look like.
MR. SALERNO: Objection. That's a misrepresentation. He's seen all of those photos.
THE COURT: I'll overrule the objection. It's part of closing argument. You can respond if you care to.
MR. SIMON: The yellow slicker. Do you remember the yellow slicker? They hid that under the rug too. Oh, that's not our employee. Wait a second. Who else would be running around the parking lot but the cart guy with a yellow slicker? Where is the man with the yellow slicker? Where are those photos? I guess he wasn't a loyal employee for Target. He's not working there any more.
It would be one thing if the trial court had sustained defendant's objections and instructed the jury to disregard these obviously improper comments. But the court inexplicably failed to do so. This could have led the jury to erroneously conclude that the defendant had been guilty of violating a building code as well as hiding evidence.
There are three reasons why I am unwilling to find this argument harmless. First, the jury awarded substantial damages and found no comparative negligence in a difficult liability case with ample evidence of comparative negligence. Second, the argument in this case is not merely improper, but is also unethical. Third, it happened too many times to be anything more than a deliberate attempt to improperly influence this jury. I would grant a new trial.