PER CURIAM.
The appellant, Travis Peter Hamzik, was convicted of DUI manslaughter, and sentenced accordingly. Mr. Hamzik raises eight issues on appeal, none of which demonstrate that error was committed. With respect to the issue of whether Mr. Ham-zik’s motion for judgment of acquittal should have been granted, see Haas v. State, 597 So.2d 770 (Fla.1992); Miller v. State, 597 So.2d 767 (Fla.1991); State v. Banoub, 700 So.2d 44 (Fla. 2d DCA 1997); and Tracton v. City of Miami Beach, 616 So.2d 457 (Fla. 3d DCA 1993). As to the asserted instructional error, see State v. Van Hubbard, 751 So.2d 552 (Fla.1999); and Richardson v. State, 797 So.2d 10 (Fla. 5th DCA 2001), review denied 817 So.2d 849 (Fla.2002). On the issue of whether a continuance should have been granted, we conclude that the trial court did not abuse its discretion. See Branch v. State, 685 So.2d 1250 (Fla.1996), cert. denied, 520 U.S. 1218, 117 S.Ct. 1709, 137 L.Ed.2d 833 (1997).
AFFIRMED.
SAWAYA, C.J., PETERSON and MONACO, JJ., concur.