997 So.2d 1129 (2008)
Kenneth GOLD and Susan Gold, Appellants,
v.
WEST FLAGLER ASSOCIATES, LTD., d/b/a Flagler Dog Track, Appellee.
No. 3D07-2344.
District Court of Appeal of Florida, Third District.
November 5, 2008.
Rehearing and Rehearing En Banc Denied January 6, 2009.
*1130 Anthony J. Brown, Miami, for appellants.
Angones, McClure & Garcia and John McClure, Miami, and Barbara K. Case, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
CORTIÑAS, J
Appellants, Kenneth Gold ("Mr. Gold") and Susan Gold, seek review of the trial court's order denying their motion for a new trial as well as the final judgment entered in favor of appellee. Appellants argue that they are entitled to a new trial on several grounds, including improper statements made by appellee's defense counsel during his closing argument as well as improper and/or prejudicial cross-examination of certain witnesses by defense counsel. We address only the particular statement which our dissenting colleague believes warrants a new trial.
The underlying action filed by appellants alleged that Mr. Gold, due to the negligence of appellee and its agents, fell while walking down stairs on appellee's property and was injured. Appellants further alleged that, as a result of his injuries, Mr. Gold incurred medical expenses and lost wages. Upon a motion by appellants, the trial was bifurcated and the case was tried solely on the issue of liability. In his closing argument, defense counsel made the following statement to the jury:
I've been doing this for almost 30 years now, and it invariably happens somebody falls down somewhere. They don't know why they fell. They don't know for sure where they fell. The investigator and the photographer go back to the scene of the accident. They go around and take pictures of everything they can find that looks bad.
Appellants' trial counsel made a contemporaneous objection to the statement, but the objection was overruled. Defense counsel then continued his closing argument as follows:
As often as not they don't take pictures of the spot where they fell because they don't know where they fell. They don't know why they fell. They missed a step. And the reason for that is exactly what you've seen for the last three days, so you can parade all these pictures of allegedly dangerous conditions in front of the jury in the hopes you'll find that, well, even though it didn't happen here, it must have been the same thing here.
But thank God we have a picture that was taken at the time of the incident. And it's up to you to decide whether there's something in that picture that shows a tripping hazard.
Appellants did not move for a mistrial. Moreover, the jury had ample opportunity to view the photographs that were admitted into evidence.
We begin by finding that defense counsel's statement was clearly improper and the court erred by not sustaining the objection. However, after reviewing the entire trial record, we find that such error was harmless, and therefore, is not a basis for reversal. Target Stores v. Detje, 833 So.2d 844 (Fla. 4th DCA 2002); Katos v. Cushing, 601 So.2d 612 (Fla. 3d DCA *1131 1992); Marks v. Delcastillo, 386 So.2d 1259, 1267 n. 15 (Fla. 3d DCA 1980); see also Bakery Assocs., Ltd. v. Rigaud, 906 So.2d 366, 367 (Fla. 3d DCA 2005) ("Improper comments made during closing argument will not serve as a basis for the granting of a new trial unless the improper comments are highly prejudicial and inflammatory.") (citing Maksad v. Kaskel, 832 So.2d 788, 793 (Fla. 4th DCA 2002)); Decks, Inc. v. Nunez, 299 So.2d 165, 166-67 (Fla. 2d DCA 1974) ("The law is well settled that unless closing argument is highly prejudicial, inflammatory improper statements will not result in mistrial, reversal or new trial.") (citing Dixie-Bell Oil Co. v. Gold, 275 So.2d 19 (Fla. 3d DCA 1973)); see also City of Miami v. Fletcher, 167 So.2d 638 (Fla. 3d DCA 1964). As such, we affirm the denial of the motion for a new trial based on the improper statement made by defense counsel during closing argument and also affirm as to all other issues on appeal.
Affirmed.
SUAREZ, J., concurs.
RAMIREZ, J., (dissenting).
I dissent. This case involves what the majority admits was a clearly improper statement made by defense counsel and a judicial error in not sustaining the objection. I believe that this error was not harmless. In civil cases, the harmless error test is "whether, but for such error, a different result may have been reached." Katos v. Cushing, 601 So.2d 612, 613 (Fla. 3d DCA 1992). If the trial court had disallowed the jury's consideration of defense counsel's statement, a different result may have been reached.
In my view, the remarks by defense counsel displayed unprofessional conduct, particularly emanating from an attorney who has been practicing "for almost 30 years now." Furthermore, this was not an isolated instance. Defense counsel had been previously reprimanded by the trial judge. By rewarding this behavior, the majority encourages attorneys to inject themselves and their opinions into future trials.
During defense counsel's cross-examination of plaintiff's expert, Ronald Zollo, the following took place:
"Q. You testified as an expert on a T-shirt shooting gun; did you not?
A: Yes sir I did.
Q: And the jury didn't agree with your 
MR. BROWN: Judge, that's  may I approach?
THE COURT: That is completely improper. Next time you'll be forced to apologize to the jury, Mr. McClure.
After a sidebar discussion, the court gave the following instruction:
Folks, you'll remember just before the break we were having a discussion during Mr. Zollo's testimony about some of the questions he was being asked, and there was some objections and responses.
I need to instruct you now to disregard Mr. McClure's improper question regarding a different jury's verdict in another case in which Mr. Zollo was involved. You're to disregard that. It has no relevance to these proceedings what another jury did in another case.
We thus have an attorney who already had to be reprimanded in front of the jury. In this context, defense counsel begins his closing argument and almost immediately focuses on the photographs in evidence in the case. He then states: "Just between you and me, I don't think any of these things [depicted in the photographs] if you look at them carefully are tripping hazards."
The objection is sustained, and the jury is properly instructed, only to be followed immediately by these comments:

*1132 I've been doing this for almost 30 years now, and it invariably happens somebody falls down somewhere. They don't know why they fell. They don't know for sure where they fell. The investigator and the photographer go back to the scene of the accident. They go around and take pictures of everything they can find that looks bad.
Inexplicably, the objection is overruled. Emboldened, counsel continues:
As often as not they don't take pictures of the spot where they fell because they don't know where they fell. They don't know why they fell. They missed a step. And the reason for that is exactly what you've seen for the last three days, so you can parade all these pictures of allegedly dangerous conditions in front of the jury in the hopes you'll find that, well, even though it didn't happen here, it must have been the same thing here.
At the end of his closing argument, he is still talking about the photographs. Clearly, both sides believed that the photographs in evidence were very important.
The majority concedes that the trial court erred when it overruled the objection. But by overruling the objection, the trial judge was basically telling the jury that it was proper to consider defense counsel's statementsstatements which were clearly his opinions derived from his thirty years experience as to what invariably happens in other cases. This is absurd. The jury should not be considering defense counsel's unsworn opinions. Furthermore, the trial court previously had recognized during plaintiff's expert's cross-examination that what happens in other cases is irrelevant, yet it allowed the jury to be told that investigators and photographers for people who fall invariably take pictures of everything that looks bad.
The majority minimizes defense counsel's improper conduct when it posits that "the jury had ample opportunity to view the photographs that were admitted into evidence." See Majority Op. ___. In my opinion, however, the jury should have been allowed to view the photographs taken in this case, without injecting what "invariably happens" in other cases.
I thus cannot agree that the error was harmless. I believe a different result may have been reached if defense counsel had not injected his opinion based on his thirty years' experience. His comments were a violation of rule 4-3.4(e), Rules of Professional Conduct, which bars references to evidence that will not be supported by admissible evidence, and that is irrelevant. We have often held that improper comments by counsel will not be tolerated. See Kaas v. Atlas Chem. Co., 623 So.2d 525, 526 (Fla. 3d DCA 1993); Maercks v. Birchansky, 549 So.2d 199 (Fla. 3d DCA 1989); Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980).
For these reasons, I would reverse the final judgment and remand the case for a new trial.