SUAREZ, J.
David Rodriguez appeals the trial court’s Final Order of Civil Commitment finding him a sexually violent predator pursuant to Sections 394.910 through 394.930, Florida Statutes (2011). He argues on appeal that the trial court committed errors, each of which is grounds for reversal. We affirm the trial court, but as to the first issue on appeal certify conflict with Special v. Baux, 79 So.3d 755, 772 (Fla. 4th DCA 2011), which is presently pending before the Florida Supreme Court, sub nom Special v. West Boca Medical Center, 90 So.3d 273 (Fla.2012).
Rodriguez’s first claim, and the one as to which we certify conflict, is that the trial court erred in failing to give a proper curative instruction, and in denying his companion motion for mistrial, following his objection to a statement by the State’s expert witness. The expert stated that “we don’t have any way of knowing if this was the first time he raped anybody,” and upon objection, the trial court instructed the jury that “the last objection is sustained. Ladies and gentlemen of the jury, *543 you are to disregard the last answer.” Rodriguez argues that the instruction was too cursory to render the error harmless and cites to Hayes v. State, 55 So.3d 699 (Fla. 4th DCA 2011). In Hayes, the court stated that the “test for harmless error in a civil[1] case ‘is whether, but for the error, a different result would have been reached.’” Id. at 704 (emphasis added). That ruling was receded from in Special v. Baux, 79 So.3d 755, 772 (Fla. 4th DCA 2011), which determined that “[t]o avoid a new trial, the beneficiary of the error in the trial court must show on appeal that it is more likely than not that the error did not influence the trier of fact and thereby contribute to the verdict.” Id. at 771 (emphasis added). The Florida Supreme Court accepted jurisdiction over that ease, sub nom, Special v. West Boca Medical Center, 90 So.3d 273 (Fla.2012), but has not yet issued an opinion.
Pending ruling by the Florida Supreme Court, this Court adheres to its standard for determination of harmless error in civil matters. As set forth in Katos v. Cushing, 601 So.2d 612 (Fla. 3d DCA 1992), “the test for harmful error is whether, but for such error, a different result may have been reached.” Id. at 613, (emphasis added). Under that formulation of the test, and based on the totality of the evidence presented below, we conclude that there is no reasonable basis upon which to conclude that a different result might have been reached had the trial court provided the curative instruction requested by Rodriguez. Likewise, we conclude that there is no support for the argument that a different result might have been obtained had the expert not made the statement.
Rodriguez next argues that the trial court erred in denying his motion for mistrial based upon comments made by the prosecutor in closing argument, despite sustaining his objection to the comments. Rodriguez argues that the comments constituted improper “Golden Rule” argument. The case law does not support his position. Merck v. State, 975 So.2d 1054, 1062 (Fla.2007). Moreover, Rodriguez’s reliance on Pedroza v. State, 773 So.2d 639 (Fla. 5th DCA 2000) is unavailing because that case did not address claims of improper “Golden Rule” arguments.
Rodriguez next argues that denial of his motion for mistrial cannot be viewed as harmless error and that this court “must look at whether there is a reasonable possibility that the error influenced the jury and contributed to the verdict.” That standard does not apply to this civil commitment proceeding, as it is applicable only in the context of a criminal proceeding. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). As stated above, the harmless error test in this district is “whether, but for such error, a different result may have been reached.” Kotos, 601 So.2d at 613. As with the defendant’s arguments regarding the expert’s statement, we conclude that there is no possibility that a different result would have been reached in the absence of the comments made by the prosecutor in closing argument.
Consequently, we affirm the trial court’s Final Order of Civil Commitment finding Rodriguez to be a sexually violent predator pursuant to Sections 394.910 through 394.930, Florida Statutes (2011). However, we also certify conflict with Special v. Baux, 79 So.3d 755, 772 (Fla. 4th DCA 2011), sub nom Special v. West Boca Med *544 ical Center, 90 So.3d 273 (Fla.2012) on the issue of the standard to be applied for determining harmless error in a civil proceeding.
Affirmed; conflict certified.

. The proceedings at issue occurred under Florida Statutes Chapter 394, Involuntary Civil Commitment of Sexually Violent Predators, and thus were not criminal proceedings.