# Third District Court of Appeal

**State of Florida**

Opinion filed March 9, 2016.

Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-2238

Lower Tribunal Nos. 83-11174B & 11-5169

_____

**David Rodriguez,**

Appellant,

vs.

**The State of Florida,**

Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Carlos J. Martinez, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.


Before SUAREZ, C.J., and SHEPHERD and LAGOA, JJ.

SUAREZ, C.J.

In 1983, Rodriguez was convicted and imprisoned for raping a 15-year old victim; he was released in 1988. Days after his release from prison he violently

attacked two more women, and was charged with attempted kidnapping and aggravated battery (victim K), and attempted first degree murder (victim E). After trial in 2012, the jury returned a verdict finding Rodriguez a sexually violent predator. The trial court adjudicated him as such and committed him to the Florida Civil Commitment Center.

On appeal, Rodriguez argued that 1) the trial court erred in denying his motion for mistrial and curative instruction after one of the State's expert witnesses, Dr. Morin, improperly testified on direct examination that "we don't have any way of knowing if this was the first time he raped anybody," and 2) the trial court erred by denying his motion for mistrial for the prosecutor's allegedly improper comments during closing argument that equated the jury's determination of the sexual predator issue to whether the jurors would get on a plane if they knew there was a better than one-third chance of it crashing.

This Court affirmed the order of civil commitment, finding any error to be harmless by applying the harmless error standard for civil matters set forth in Katos v. Cushing, 601 So. 2d 612 (Fla. 3d DCA 1992), rather than the harmless error standard in criminal cases as set forth in State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986). Rodriguez v. State, 138 So. 3d 541 (Fla. 3d DCA 2014). This Court acknowledged conflict between the district courts and certified direct conflict with Special v. Baux, 79 So. 3d 755 (Fla. 4th DCA 2011), then pending before the Florida Supreme Court as Special v.

2

West Boca Medical Center regarding the proper harmless error standard to apply in a civil proceeding. The Florida Supreme Court granted review and ultimately quashed this Court's April 30, 2014 opinion and remanded with instructions to reconsider this appeal in light of its decision in Special v. West Boca Medical Center, 160 So. 3d 1251 (Fla. 2014). On remand from the Florida Supreme Court, this Court reviewed the trial and appellate record, and heard argument from counsel for both parties. Applying the harmless error test as set forth in Special to the facts of this case, we conclude that there is no basis for reversal.

The Florida Supreme Court in Special provided, "[t]o test for harmless error, the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict. Alternatively stated, the beneficiary of the error must prove that there is no reasonable possibility that the error contributed to the verdict." Special, 160 So. 3d at 1256. Our obligation on remand is to "focus on the effect of the [alleged] error on the trier of fact and avoid engaging in an analysis that looks only to the result in order to determine harmless error." Id. at 1256. "Unless the beneficiary of the error proves there is no reasonable possibility that the error contributed to the verdict, the error is harmful." Id.

**ANALYSIS.**

1. Expert Witness's comment: During a four-day trial, Dr. Morin, one of the four mental health experts testifying about the defendant's sexual deviancy, when asked about the defendant's recollection of his

3

first sexual battery, commented, "well, with this one, . . . we don't have any way of knowing if this was the first time he raped anybody, but if it was . . ."  The defense immediately objected and the trial court sustained the defense objection.  Going to sidebar, the defense moved for a mistrial.  The court denied the motion for mistrial.  The defense asked the trial court to give the instruction that stated the only evidence to consider is what was being presented at trial and that there is no other evidence of any other offense committed by the defendant.  The trial court instructed the jury to disregard the last statement made by Dr. Morin.

In the context of a four-day trial during which four expert medical witnesses testified extensively as to the defendant's sexual criminal mental state, this brief comment by one of the expert witnesses about not knowing of any other possible rapes by the defendant is harmless at best under the West Boca standard.[1]  "Application of [this] [DeGuilio] test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced

_____

[1] See Judge Robert M. Gross and David R. Maass, Harmless Error in Civil Appeals, The Fla. Bar. J., Nov. 2015, at 14 ("But Chapman and DeGuilio require a different approach – an 'effect on the fact-finder" approach.  As the U.S. Supreme Court has explained, 'The question is, not were [the jurors] right in their judgment, regardless of the error or its effect upon the verdict.  It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision.' [citation omitted].  This process-oriented approach asks what role the error may have played in the fact-finder's judgment, not what the fact-finder's judgment would have been without the error.").

the jury verdict." DeGuilio v. State, 491 So. 2d 1129, 1139 (Fla. 1986). Dr. Morin was one of four mental health expert witnesses, among others, opining on the defendant's proclivity toward sexual violence. In the context of a four-day trial, and keeping in mind West Boca's instruction "to avoid engaging in an analysis that looks only to the result in order to determine harmless error," we conclude this isolated comment to be harmless error. West Boca at 1256.

2. The prosecution's comment during closing argument. The defense in closing argument addressed the statistical probabilities that the defendant would reoffend if released. The defense noted that the expert testimony indicated that the defendant had a 32% chance of reoffending. The prosecution responded by proposing a hypothetical to the jury: if you knew there was a 32% chance of a plane crashing, would you put your kids on that plane? The defense objected based on a Golden Rule violation and moved to strike. The court sustained the objection and struck the comment from the record. The trial court later denied the defense's second objection to this comment based on the totality of the circumstances, and noted that the comment was stricken from the record and [the prosecutor] moved on after the objection was sustained. As in our prior opinion evaluating this alleged error, we once again conclude that the comments did not constitute improper "Golden Rule" argument. Rodriguez v. State, 138 So. 3d 541 (Fla. 3d DCA 2014).

Evaluating the alleged errors in context and viewing the facts of this four-day trial in light of the harmless error

standard mandated in Special, we conclude that there is no reasonable possibility that the errors claimed below contributed to the jurors' verdict and once again affirm the trial court's Final Order of Civil Commitment finding Rodriguez to be a sexually violent predator pursuant to Sections 394.910 through 394.930, Florida Statutes (2011).

Affirmed.