# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1514
Lower Tribunal No. 18-19945
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Joel Escobar, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Quintairos, Prieto, Wood & Boyer, P.A., and Judd W. Goodall and Valerie M. Pendino (Tampa); Link & Rockenbach, P.A., and Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach), for appellant.

The Nation Law Firm, and Mark A. Nation and Paul W. Pritchard (Longwood), for appellees.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. Peng v. Citizens Prop. Ins. Corp., 337 So. 3d 488, 493–94 (Fla. 3d DCA 2022) (holding that, in a first-party property insurance suit, when an insured's expert applies a similar methodology to that of the insurer's expert and simply reaches a different opinion, the trial court must allow the experts to testify); Tennyson v. State, 254 So. 3d 510, 516 (Fla. 3d DCA 2018) (holding that a trial court's ruling on the use of impeachment materials is reviewed for abuse of discretion); Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) ("If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness."); Coates v. State, 855 So. 2d 223, 226 (Fla. 5th DCA 2003) (concluding that the benefits of allowing jury questioning of witnesses are substantial, and that a trial court may exercise its sound discretion in determining whether to do so in a particular case); Katos v. Cushing, 601 So. 2d 612, 613 (Fla. 3d DCA 1992) (concluding after a review of the record that the alleged erroneous evidentiary ruling did not affect the outcome and was not so prejudicial as to destroy the jury's impartiality).